UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANTE MALIK SULLIVAN,<br><br>         Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, ET AL.,<br><br>         Defendants. | 22-CV-8438 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his rights under federal law. Named as Defendants are the City of New York, New York City Mayor Eric Adams, New York City Department of Social Services (DSS) Commissioner Gary Jenkins, New York City Department of Homeless Services Administrator Joslyn Carter, New York City Comptroller Brad Lander, Project Renewal CEO Eric Rosenbaum, Project Renewal staff member "Mr. Thomas," and Allied Universal Security guard Daniel Suarez. By order dated October 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Dante Malik Sullivan invokes the court's federal question jurisdiction, alleging that Defendants retaliated against him in violation of his rights under the Fair Housing Act (FHA), the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973. He

also asserts that Defendants violated his "HIPPA Rights, Human Rights, [and] COVID19 Rights." (ECF 2, at 3.) The Court construes the complaint as also asserting a First Amendment retaliation claim under 42 U.S.C. § 1983.

The following allegations are taken from the complaint. Plaintiff, who has a "mental illness," has resided in the Fort Washington M.I.C.A. shelter for single men,[1] which is operated by Project Renewal, since October 25, 2021. (*Id.* at 9.) He alleges that his advocacy about his "living conditions and mental safety" caused him to be targeted and retaliated against by "staff" at the shelter. (*Id.*)

The complaint describes actions of shelter employees and living conditions that Plaintiff believes are problematic. Residents at the shelter are "conditioned" to being woken up in the morning by announcements for breakfast, fire drills, or "alleged systematic 'Dorm Evacuations'" during which staff can address the residents using insulting language. (*Id.* at 10.) Residents are "kick[ed] . . . out" of the living and sleeping quarters in the morning without allowing for time for their prescribed psychiatric medications to take effect. (*Id.*) Plaintiff is regularly required to inhale "toxic fumes" inside the shelter, which cause him to experience anxiety attacks. (*Id.*) Plaintiff further alleges that there are only two sets of showers for the 150 people living on two floors, and most of the showers flood or contain "colored" water. (*Id.* at 11.) The showers on the first floor are also infested with "water bugs." (*Id.*)

When Plaintiff "spoke up about [his] living conditions, the staff at project renewal would call the cops" on him and "use [his] mental illness against" him. (*Id.* at 10-11.) They "profil[ed] and label[ed]" him as an "emotionally disturbed person," blaming his advocacy on his mental

---

[1] The Court understands "M.I.C.A." to be an acronym for individuals who are mentally ill and chemically addicted.

3

illness. (*Id.* at 12.) For example, when Plaintiff posted pictures of the shelter conditions on social media, he was threatened by shelter staff. When he continued to advocate, staff called the police and told them that Plaintiff was smoking K2, which Plaintiff alleges he has never taken and which did not show up in his blood tests when he was forcibly taken to the hospital after being arrested. (*Id.*)

Plaintiff alleges that he was arrested twice. In March 2022, he was arrested "without a given explanation," although he assumes it was because he would not "leave out [his] dorm room in time." (*Id.* at 9.) Plaintiff was arrested again in April 2022.

Plaintiff states that he has also brought his concerns to the attention of the mayor and the comptroller.

Plaintiff alleges that he suffers anxiety attacks, weight loss, depression, malnourishment, thoughts of suicide, and a loss of his job and wages.

Plaintiff seeks $5 million in damages.

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

Plaintiff's claims that Defendants violated his rights to freedom of speech under the First Amendment arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.     Personal involvement

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Mayor Adams, DSS Commissioner Jenkins, DHS Administrator Carter, and Comptroller Lander were personally involved in the events underlying his claims. Plaintiff therefore fails to state a Section 1983 claim against these defendants.

2.   State action

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabricant v. French*, 691

5

F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of Section 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the excusive province of the state. *See, e.g.*, *George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

Defendants Project Renewal CEO Rosenbaum and Allied Security guard Suarez are private parties who are not alleged to work for any state of other governmental body. Moreover, Plaintiff's allegations that these defendants work for agencies that operate a homeless shelter or receive funds from the City of New York are insufficient to suggest that the actions of these defendants are attributable to the state. Plaintiff therefore fails to state a Section 1983 claim against Rosenbaum and Suarez.[2]

3.  Municipal liability – Claim against the City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

---

[2] Even if Plaintiff had alleged facts suggesting Rosenbaum and Suarez were state actors for the purposes of Section 1983, he fails to allege that either defendant was personally and directly involved in the events giving rise to his claims.

*Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff sues the City of New York, but he alleges no facts suggesting that the City of New York itself has a policy, practice, or custom that resulted in a violation of his constitutional rights. Plaintiff therefore fails to state a Section 1983 claim against the City of New York.

    4.    First Amendment retaliation

To state a First Amendment retaliation claim, a private citizen must allege that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment."). The Plaintiff must also show, as with other Section 1983 claims, that the defendants' actions were taken under color of state law. *See Sykes*, 723 F.3d at 406 (internal citation omitted); *see also Ciambriello*, 292 F.3d at 323.

Even if the Court assumes that Plaintiff is entitled to First Amendment protection for his advocacy on issues relating to conditions at the shelter, that the alleged retaliatory actions were caused by Plaintiff's exercise of his rights, and that Plaintiff's exercise of his First Amendment rights was effectively chilled, Plaintiff fails to identify any suable defendants who allegedly retaliated against him. The complaint instead repeatedly alleges that Project Renewal "staff" retaliated against Plaintiff. (*See, e.g.*, ECF 2, at 9 (Plaintiffs' advocacy caused him to be targeted "by the staff at Project Renewal"); *id.* at 12 (when Plaintiff continued his advocacy, "staff called the cops" on him)). As discussed above, Project Renewal and its staff are private actors and Plaintiff has failed to allege facts suggesting they should be considered state actors under Section 1983.

The Court grants Plaintiff leave to amend his complaint to name as defendants any state actors, such as employees of the City of New York, whom he alleges have retaliated against him. If Plaintiff believes he has been retaliated against by Project Renewal staff, he must name as defendants those individual staff members and allege facts, as described above, suggesting that they are state actors under Section 1983. If Plaintiff amends his First Amendment retaliation claim, he should also allege any additional facts suggesting that his advocacy was protected by the First Amendment, that the named defendants' actions were substantially caused by Plaintiff's exercise of his First Amendment rights, and that the named defendants' actions effectively chilled the exercise of such rights.

5.   Shelter conditions

Any Section 1983 claims Plaintiff is asserting based on shelter conditions must be dismissed because there is no federal constitutional right to housing, including a shelter system. In *Lindsey v. Normet*, the Supreme Court held that there is no "constitutional guarantee of access to dwellings of a particular quality." 405 U.S. 56, 74 (1972). Furthermore, the government has no

8

"obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y Apr. 17, 2012) (internal quotation marks and citation omitted). Plaintiff's allegations about undesirable shelter conditions do not state a federal claim because there is no due process property right to placement in a particular type of shelter under federal law or New York law. *See Lindsey*, 405 U.S. at 74 ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality . . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City Dep't of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y 2009) ("The Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law."). The Court therefore dismisses Plaintiff's Section 1983 claims arising from his shelter conditions for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.       Claims under the ADA, Rehabilitation Act, and FHA**

Plaintiff asserts that Defendants retaliated against him in violation of the ADA, the Rehabilitation Act, and the FHA. To state a claim for retaliation under the ADA, the Rehabilitation Act, or the FHA, a plaintiff must allege that (1) he was engaged in an activity protected under the statutes, (2) the defendants were aware of this activity, (3) the defendants took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action. *See Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002) (ADA and Rehabilitation Act); *Elmowitz v. Exec. Towers at Lido, LLC*, 571 F. Supp. 2d 370, 376 (E.D.N.Y. 2008) (FHA).

As an initial matter, individuals cannot be held liable for retaliation under the ADA or the Rehabilitation Act. *See Spiegel v. Schulman*, 604 F.3d 72, 79 (2d Cir. 2010) ("[T]he retaliation

9

provision of the ADA . . . cannot provide for individual liability."); *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, 324 F. Supp. 3d 455, 467 (S.D.N.Y. 2018) ("There is no individual liability under the ADA or § 504 of the Rehabilitation Act."). Plaintiff therefore fails to state a claim for retaliation under the ADA or Rehabilitation Act against individual Defendants Adams, Jenkins, Carter, Lander, Rosenbaum, Thomas, and Suarez.

Although the FHA does allow for individual liability, *see Andujar v. Hewitt*, No. 02-CV-2223, 2002 WL 1792065, at *10 (S.D.N.Y. Aug. 2, 2002) (collecting cases), Plaintiff has not alleged any facts suggesting that any of the named defendants retaliated against him. Plaintiff instead repeatedly alleges that unspecified Project Renewal "staff" retaliated against him. (*See, e.g.*, ECF 2, at 9 (Plaintiffs' advocacy caused him to be targeted "by the staff at Project Renewal"); *id.* at 12 (when Plaintiff continued his advocacy, "staff called the cops" on him)).

Finally, to state a claim for retaliation under the ADA, the Rehabilitation Act, or the FHA, a plaintiff must first allege that he was engaged in activity that is protected under these statutes. *See* 42 U.S.C. § 12203 (prohibiting retaliation against an individual who has "participated in any manner in an investigation, proceeding, or hearing" under the ADA); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) (defining "protected activity" as "action taken to protest or oppose statutorily prohibited discrimination"). Here, Plaintiff states that he complained about the general conditions of the shelter, but none of his allegations suggests that his complaints involved discrimination based on characteristics protected under these statutes, such as his disability or race. *See, e.g.*, *Williams v. New York City Hous. Auth.*, No. 07-CV-7587 (RJS), 2009 WL 804137, at *8 (S.D.N.Y. Mar. 26, 2009) (complaints of general conditions at housing complex are not "protected activities" under the FHA).

In an abundance of caution, the Court grants Plaintiff leave to amend his claims under the ADA, Rehabilitation Act, and FHA. In his amended complaint, Plaintiff should name the entity responsible for retaliating against him, such as the shelter, and he must allege facts suggesting that adverse action was taken against him because he complained of or protested discrimination based on his disability, race, or other protected characteristic. To state a claim under the Rehabilitation Act, Plaintiff must also allege that the defendant receives federal funding. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (to establish a violation under the Rehabilitation Act, "a plaintiff must show that defendants receive federal funding").

C. **HIPAA Claims**

Plaintiff alleges that Defendants violated his rights under "HIPPA," which the Court understands to be a reference to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). The Court must dismiss Plaintiff's claims under HIPAA because HIPPA does not provide a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). The Court therefore dismisses Plaintiff's claims under HIPAA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

11

additional facts to state a valid First Amendment retaliation claim and a valid claim for retaliation under the ADA, Rehabilitation Act, or FHA, the Court grants Plaintiff 60 days' leave to amend his complaint to detail <u>only</u> these claims. The Court finds that amendment of Plaintiff's remaining claims would be futile and therefore declines to grant Plaintiff leave to amend those claims.

In his amended complaint, Plaintiff must name as the defendants in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[3] For example, a defendant may be identified as: "Project Renewal Staff John Doe #1 working on August 31, 2021, at Fort Washington shelter, during the 7-3 p.m. shift."

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-8438 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 7, 2022
        New York, New York

                                                /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED COMPLAINT**

Jury Trial:  ☐ Yes    ☐ No
(check one)

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                              1

Defendant No. 1     Name _____
                    Street Address _____
                    County, City _____
                    State & Zip Code _____
                    Telephone Number _____

Defendant No. 2     Name _____
                    Street Address _____
                    County, City _____
                    State & Zip Code _____
                    Telephone Number _____

Defendant No. 3     Name _____
                    Street Address _____
                    County, City _____
                    State & Zip Code _____
                    Telephone Number _____

Defendant No. 4     Name _____
                    Street Address _____
                    County, City _____
                    State & Zip Code _____
                    Telephone Number _____

**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction? *(check all that apply)*

        ☐ Federal Questions              ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
        _____
        _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____
        Defendant(s) state(s) of citizenship _____
        _____

**III.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____
_____

**What happened to you?**

_____
_____
_____
_____

**Who did what?**

_____
_____
_____
_____

**Was anyone else involved?**

_____
_____

**Who else saw what happened?**

_____
_____
_____

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

                            Signature of Plaintiff     _____

                            Mailing Address          _____

                                                    _____

                                                      _____

                            Telephone Number      _____

                            Fax Number *(if you have one)*  _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                            Signature of Plaintiff:     _____

                            Inmate Number          _____

*Rev. 12/2009*                                                   4